**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6355 |
| | ) | |
| VILLAGE OF BURBANK, a Municipal | ) | Judge Bucklo |
| Corporation, VILLAGE OF BURBANK POLICE | ) | |
| DEPARTMENT OFFICERS KARA KUSH, | ) | |
| Star No. 119, and GREGORY PEROVICH, | ) | |
| Star No. 134, sued in their individual and official | ) | |
| Capacities as officers of the Village of Burbank | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED PROTECTIVE ORDER**

This matter coming on to be heard by agreement of the parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court being fully advised in the premises, IT IS HEREBY ORDERED THAT:

1.      Any document or documents (and information contained therein) produced by Burlington Coat Factory Warehouse of Burbank, Inc. ("BCF") that identify or provide personal information about customers or employees of BCF shall be treated as "Confidential."

2.      Discovery material designated "Confidential" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a.      the Court and its officers;

    b.      the parties to the litigation;

    c.      counsel for the parties (including in house counsel) and their regularly employed office staffs; and

    d.      other persons assisting with the litigation, including but not limited to any expert witness or consultant, provided that any such person has signed an undertaking in the form of Exhibit 1 attached hereto.

3.    In the event BCF elects to produce original documents or other material for inspection, no marking need be made by BCF in advance of the inspection.  All such documents or other material shall be considered as marked "Confidential."  After selection by the inspecting party of specified documents or material for copying, BCF shall make the appropriate designation at the time of production of the copies.

4.    Discovery material produced without the designation of "Confidential" may be so designated subsequent to production when BCF fails to make such designation at the time of production through inadvertence or error.  If discovery material is designated as "Confidential" subsequent to production, the receiving party promptly shall collect any copies that have been provided to individuals other than those identified in paragraph 2 of this Order.

5.    Nothing herein shall prohibit either party from seeking an Order that designated discovery material is not entitled to "Confidential" treatment or that otherwise affects the treatment of discovery material.

6.    No designation of "Confidential" shall be effective unless there is placed or affixed on such material a "Confidential" marking.  Testimony given at a deposition or hearing may be so designated by an appropriate statement at the time of the giving of such testimony or within twenty (20) days after counsel receives the transcript of such deposition.  Testimony and transcripts in this case shall be deemed "Confidential" during this twenty (20) day review period.

7.    All discovery material, whether designated "Confidential" or not so designated, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any other purpose.

8.    At the conclusion of this case all material produced pursuant to discovery, and all copies thereof, shall be returned to BCF or, at the option of BCF, opposing counsel shall certify in writing that such material has been destroyed.

9.    No "Confidential" material shall be filed in the public record of this action.  All material so designated that is filed with the Court shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court.  Where possible, only "Confidential" portions of filings with the Court shall be filed under seal.

10.    To facilitate compliance with this Order by the Clerk's office, material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face.  In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

11.    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

        a.    was, is or becomes public knowledge in a manner other than by violation of this Order;

       b.      is acquired by the non-designating party from a third party having the right to disclose such information or material; or

       c.      was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

      12.    This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

      IT IS SO ORDERED this _____ day of February, 2008.

      ENTER:

      _____
      Honorable Elaine E. Bucklo

3

Exhibit No. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6355 |
| | ) | |
| VILLAGE OF BURBANK, a Municipal | ) | Judge Bucklo |
| Corporation, VILLAGE OF BURBANK POLICE | ) | |
| DEPARTMENT OFFICERS KARA KUSH, | ) | |
| Star No. 119, and GREGORY PEROVICH, | ) | |
| Star No. 134, sued in their individual and official | ) | |
| Capacities as officers of the Village of Burbank | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF COMPLIANCE WITH  PROTECTIVE ORDER**

I, _____, do hereby declare and state as follows:

1.    I    am    employed    as    _____    at
_____.

2.    I have read the Protective Order entered in this case, a copy of which has been given to me.

3.    I understand and agree to comply with and be bound by the provisions of this Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4.    Further, I declare, under penalty of perjury under the laws of the State of Illinois and the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

_____
Name: