**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DANIEL POOLE, )
)
Plaintiff, )
)
v. ) No. 07 C 6355
)
CITY OF BURBANK, a Municipal ) Judge Bucklo
Corporation, CITY OF BURBANK POLICE )
DEPARTMENT OFFICERS KARA KUSH, ) Magistrate Judge Schenkier
Star No. 119, and GREGORY PEROVICH, )
Star No. 134, sued in their individual and official )
Capacities as officers of the City of Burbank )
Police Department, )
)
Defendants. )

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME the Defendants CITY OF BURBANK, ("BURBANK"), KARA KUSH ("KUSH") and GREGORY PEROVICH ("PEROVICH"), by and through their attorney, LOUIS F. CAINKAR, LTD., and for their answer to the Plaintiff's amended complaint, state as follows:

**PARTIES AND JURISDICTION**

1. This is an action for violation of Plaintiff's civil rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. §1983, and the common law of the State of Illinois.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 1.

2. The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§1983 and 1988; 28 U.S.C. §1331 and 1343; and the Fourth Amendments of the United States Constitution.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 2.

3. Plaintiff, Daniel Poole ("Daniel") resides in the City of Chicago, County of Cook, State of Illinois. James Simpson is Daniel's plenary guardian.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 3.

4. Defendants, City of Burbank Police Department Officers, Kara Kush (Star No. 119) and Gregory Perovich (Star No. 134), (collectively, "Officers"), are duly appointed and sworn officers of the City of Burbank's Police Department, and the City of Burbank ("City") is a municipal corporation duly incorporated in the State of Illinois.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 4.

5. At all times relevant to this Complaint, the Officers, when engaged in the conduct complained of, did so in the course and scope of their employment as employees and agents of the City. The Officers are being sued in their individual capacities and as agents, servants and/or employees of the Village.

**ANSWER**: Defendants deny that the specific conduct complained of took place; however, admit the truth of the remaining averments contained in Paragraph 5.

6. On or about January 19, 2006, at approximately 5:30 p.m., Daniel was alone, driving to his job at the Burlington Coat Factory, located at 8320 S. Cicero, Burbank, Illinois.

**ANSWER**: Defendants have insufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 6.

7. At or near that same time, Officer Kara Kush, Star No. 119 ("Kush"), was in her Burbank Police Department patrol car and observed Daniel driving down Cicero Avenue toward the Burlington Coat Factory.

**ANSWER**: Defendants admit that Kush observed Daniel driving northbound down Cicero Avenue at or near 85th and Cicero Avenue.

8. At or near that same time, Kush turned on her flashing lights and proceeded to follow Daniel as he drove toward his job at the Burlington Coat Factory.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 8.

9. Upon seeing the flashing lights, Daniel pulled into the Burlington Coat Factory parking fire lane directly by the store's front entrance and remained in his car.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 9 except the averment that Plaintiff pulled over immediately upon seeing Kush's emergency lights.

10. At or near that time, Kush sent out a radio call for police back-up.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 10 and specifically state that Kush radioed for back-up prior to entering the parking lot of Burlington Coat Factory.

11. At or near that time, Kush exited her vehicle and approached Daniel sitting in his car. Upon arriving at Daniel's car door, Kush advised that she had pulled him over for allegedly failing to wear a seat belt. Kush then asked for Daniel's driver's license and insurance card, which he immediately gave to her.

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 11.

12. Upon receiving Daniel's driver's license and insurance card, Kush returned to her patrol car to "run" his information through the City's Police Department's computer for outstanding warrants and/or prior arrests. The computer check revealed no outstanding warrants nor prior arrests nor any other information to indicate that Daniel posed any safety risk to Kush.

**ANSWER**: Defendants admit that Poole had no outstanding warrants but deny that he had no prior arrests. Defendants deny any inference to be drawn from either averment.

13. While Kush was in her patrol car checking the computer, Officer Gregory Perovich, Star No. 134 ("Perovich"), arrived at the scene. At the time, Perovich was traveling with a large German Shephard police dog whom he referred to as "Officer Kazan."

**ANSWER**: Defendants admit the truth of the averments contained in Paragraph 13 excepting the characterization of the dog as "large" or an "Officer."

14. At or near that time, Daniel began to exit his vehicle to ask the Officers if he could move his car out of the parking lot's fire lane. Perovich told him to "get his ass back in the car," which Daniel did.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 14.

15. Immediately thereafter, Perovich told Kush he was going to check out the driver. Perovich then approached Daniel and said, "Now you can get your ass out of the car." Perovich then, without cause or justification, forcefully removed Daniel from the car, pushed him down on the hood of the vehicle and conducted a violent and rough alleged frisking of Daniel for weapons and contraband which turned up nothing.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 15.

16. Immediately thereafter, Perovich, without cause or provocation, turned Daniel around so that he was facing Perovich. At that time, Daniel protested about Perovich's unprovoked violent conduct and, in response, Perovich struck Daniel and proceeded to violently choke him around the neck, cutting off his ability to breathe, forcing Daniel to strike Perovich in self-defense to release his choke hold.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 16.

17. Immediately thereafter, Kush repeatedly without cause or justification sprayed

Daniel with pepper spray. Kush and Perovich then forced Daniel to the ground while Perovich continued to strike Daniel around the body and face.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 17.

18. Immediately thereafter, Perovich and Kush dragged Daniel, incapacitated by the pepper spray, across the pavement of the Burlington Coat Factory parking lot to Perovich's patrol car. Perovich then let the German Shepard police dog, which he referred to as "Officer Kazan," out of the patrol car and directed the dog to attack Daniel. The dog repeatedly attacked and bit Daniel while under Perovich's direct control and pursuant to Perovich's direct commands.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 18.

19. At all times material to this Complaint, the Officers were acting under the color of state laws and/or regulations.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 19.

20. At all times material to this Complaint, Daniel posed no threat to the safety of the Officers nor resisted arrest.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 20.

21. The acts of the Officers, as described above, were done maliciously, willfully and wantonly, intentionally, and/or with reckless disregard and gross negligence towards Plaintiff's clearly established rights under the Fourth Amendment of the Constitution of the United States, 42 U.S.C. §1983, and the common law of the State of Illinois.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 21.

22. Daniel was subsequently falsely charged with felony aggravated battery and misdemeanor resisting arrest.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 22.

23. On September 7, 2007, a jury acquitted Daniel of all charges pending against him arising out of and related to the events alleged herein.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 23.

**COUNT I**

**UNREASONABLE SEARCH AND SEIZURE CLAIM PURSUANT TO SECTION 1983**

24. Paragraphs 1 through 23 are herein incorporated by reference and made a part of paragraph 24 as it fully alleged herein.

ANSWER: Defendants incorporate their answers to Paragraphs 1 through 23 as their answer to Paragraph 24 of Count I.

25. The Officers, while acting under the color of state law, unlawfully conducted a search and seizure of Plaintiff without an arrest warrant and/or probable cause or any other legally justifiable grounds and thereby violated Plaintiff’s rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983 to be free from unreasonable searches and seizures.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 25.

26. The City, by inadequately training, supervising and/or disciplining its officers with respect to the procedures required by the Fourth Amendment pertaining to searches and seizures and demonstrating a formal or informal custom, policy and/or practice of deliberate

indifference to the constitutional rights of individuals to be free from unreasonable searches and seizures, expressly or impliedly authorized, consented or acquiesced in the violation of Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 26.

WHEREFORE, the Defendants respectfully request that judgment be entered in their favor and against the Plaintiff.

**COUNT II**

**UNLAWFUL USE OF EXCESSIVE FORCE CLAIM PURSUANT TO 42 U.S.C. 1983**

24. Paragraphs 1 through 23 are incorporated by reference and made a part of paragraph 24 as fully alleged herein.

**ANSWER**: Defendants incorporate their answers to Paragraphs 1 through 23 as their answer to Paragraph 24 of Count II.

25. The Officers, while acting under the color of state law, unlawfully used excessive force against Daniel by physically attacking him in the course of his arrest despite the fact that he posed no threat to the safety of the Officers and did not resist arrest. The use of excessive force was malicious, willful and wanton, intentional and/or done with reckless disregard and gross negligence and therefore violated Daniel's clearly established rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983 to be free from the use of excessive force in arrests.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 25.

26. The City, by inadequately training, supervising, and/or disciplining its officers

with respect to the degree of force that is reasonably permitted under the Fourth Amendment pertaining to arrests and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of arrestees to be free from unreasonable use of force, expressly or impliedly authorized, consented or acquiesced the violation Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 26.

WHEREFORE, the Defendants respectfully request that judgment be entered in their favor and against the Plaintiff.

**COUNT III**

**STATE LAW**

**FALSE IMPRISONMENT CLAIM**

Defendants do not answer Count III of the amended complaint as it is the subject of a motion to dismiss.

**COUNT IV**

**FALSE ARREST CLAIM**

**PURSUANT TO 42 U.S.C. §1983**

24. Paragraphs 1 through 23 are incorporated by reference and made a part of paragraph 24 as fully alleged herein.

**ANSWER**: Defendants incorporate their answers to Paragraphs 1 through 23 as their answer to Paragraph 24 of Count IV.

25. The Officers, while acting under the color of state law, unlawfully threatened and restrained Daniel with handcuffs without probable cause and/or an arrest warrant or any other

legally justifiable grounds and thereby committed the tort of false arrest and imprisonment in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 25.

26. The City, by inadequately training, and/or disciplining its officers with respect to the procedures required by the Fourth Amendment pertaining to individuals' rights to be free from unreasonable seizures, absent a warrant or probable cause to arrest and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of such persons to be free from unreasonable, unwarranted seizures, expressly or impliedly authorized, consented or acquiesced in the violation Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: Defendants deny the truth of the averments contained in Paragraph 26.

WHEREFORE, the Defendants respectfully request that judgment be entered in their favor and against the Plaintiff.

**COUNT IV**

**STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

Defendants do not answer Count V of the amended complaint as it is the subject of a motion to dismiss.

**AFFIRMATIVE DEFENSES**

1. Any allegations relating to the actions by the individual Defendants in Counts I, II and IV of the Complaint are subject to qualified immunity.

**JURY DEMAND**

Defendants demand trial by jury.

Respectfully submitted,

CITY OF BURBANK, KARA CUSH, and GREGORY PEROVICH

S/ Joseph Cainkar
One of Their Attorneys

JOSEPH CAINKAR
LOUIS F. CAINKAR, LTD.
Attorneys for Defendants
30 North LaSalle Street - #3922
Chicago, Illinois 60602-2507
312/236-3985

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, on oath state: I served a copy of the Notice of Motion by e-mailing a copy to the CMT System for the Northern District of Illinois on May 30, 2008.

S/ Joseph Cainkar
One of Their Attorneys