IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6355 |
| | ) | |
| CITY OF BURBANK, a Municipal Corporation, CITY OF BURBANK POLICE DEPARTMENT OFFICERS KARA KUSH, Star No. 119, and GREGORY PEROVICH, Star No. 134, sued in their individual and official Capacities as officers of the City of Burbank Police Department, | ) ) ) ) ) ) ) ) | Judge Bucklo

Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**

NOW COME the Defendants, CITY OF BURBANK ("Burbank"), KARA KUSH ("Kush") and GREGORY PEROVICH ("Perovich"), by and through their attorneys, Louis F. Cainkar, Ltd., and for their partial motion to dismiss the amended complaint ("Complaint"), state as follows:

1.      On May 15, 2008, Daniel Poole ("Poole"), plaintiff, filed his Complaint against the City of Burbank and its officers alleging violations of his civil rights pursuant to 42 U.S.C. §1983. (Complaint).  Poole also filed two state law claims: false imprisonment and the intentional infliction of emotional distress. (Complaint). Poole's false imprisonment claim is based upon his being handcuffed without legally justifiable grounds.  (Complaint, Count III ¶24).  His intentional infliction of emotional distress claim is premised upon his detention and the battery that resulted from the police dog that aided Kush and Perovich in their arrest of Poole. (Complaint, Count V ¶25)  All of the aforementioned events occurred on January 19, 2006. Complaint, ¶1-23).  Poole filed his original complaint on November 8, 2007.  Defendants now

move to dismiss Poole's state law claims pursuant to Rule 12(b)(6) as they are barred by the applicable one-year statute of limitations. See *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006) (it is proper to dismiss a complaint under Rule 12(b)(6) on statute of limitations grounds).

    2.    The Local Governmental and Governmental Employees Tort Immunity Act ("Act"), 745 ILCS 10/1-101 *et seq.*, protects public entities and public employees from liability arising from the operation of government. 745 ILCS 10/1-101.1. Section 8-101 of the Act, in relevant part, provides:

> (a)    No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.
>
> . . .
>
> (c)    For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8-101.

In the instant matter, all of the events giving rise to Poole's injuries occurred on January 19, 2006. As Poole filed his complaint on November 8, 2007, more than one year from the date of the accrual of his causes of action, said claims are barred by the statute of limitations as set forth in Section 8-101 of the Act.

                                                  S/  Joseph Cainkar

JOSEPH CAINKAR - 06281109
LOUIS F. CAINKAR, LTD.
Attorneys for the Defendants
30 North LaSalle Street - #3922
Chicago, Illinois 60602-3333
(312) 236-3985

**SERVICE LIST**

Shelly B. Kulwin
Anthony J. Masciopinto
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP
161 North Clark Street, Suite 2500
Chicago, IL 60601


Marvin I. Bloom
LAW OFFICES OF MARVIN BLOOM
53 West Jackson Boulevard, Suite 1430
Chicago, IL 60604


## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, on oath state: I served a copy of the Notice of Motion by e-mailing a copy to the CMT System for the Northern District of Illinois on May 30, 2008.


S/  Joseph Cainkar