UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DANIEL POOLE**, ) | Case No. 07 C 6355 |
| Plaintiff, ) | |
| ) | **JURY DEMAND** |
| v. ) | |
| ) | Judge Elaine E. Bucklo |
| ) | |
| **CITY OF BURBANK,** *et al.* ) | |
| Defendants. ) | |

### PLAINTIFF DANIEL POOLE'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Daniel Poole (Plaintiff), by and through his attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., and LAW OFFICES OF MARVIN BLOOM, respectfully moves this Court to grant him leave to file a Second Amended Complaint.

1. On January 19, 2006, Plaintiff was arrested by the individual defendant police officers on behalf of the defendant municipality. Plaintiff and was ultimately charged with felony aggravated battery and resisting arrest. On September 7, 2007, Plaintiff was found not guilty and acquitted of all charges after a jury trial at which the individual defendant officers testified against Plaintiff.

2. On November 8, 2007, Plaintiff filed his original complaint in this matter alleging federal Fourth Amendment claims pursuant to 42 U.S.C. §1983 and state law claims for false imprisonment and the intentional infliction of emotional distress (IIED). On November 27, 2007, Defendants answered the complaint.

3.      On May 15, 2008, Plaintiff sought and was granted leave to amended his complaint to: (1) correct the name of the defendant municipality as the "City" of Burbank rather than the "Village" of Burbank; and (2) to reflect that Plaintiff was now proceeding in this matter through a Court appointed guardian after he was permanently disabled in a serious car accident after this lawsuit was filed.

4.      Defendants subsequently filed the *Motion* seeking to dismiss Plaintiff's state law false imprisonment and IIED claims in his amended complaint – the exact same claims which were pled in his initial complaint and which Defendants previously answered – on the grounds that those claims are barred by the one-year statute of limitations provided in the Local Government and Governmental Employees Tort Immunity Act 745 ILCS 10/1-101.1 *et seq.*

5.      After reviewing the *Motion* and preparing his response to it, Plaintiff now respectfully requests leave to file a Second Amended Complaint to (1) withdraw his state law false imprisonment claim; (2) add an additional timely state law claim for malicious prosecution which establishes conclusively that his IIED claim is not barred by that Act[1]; and (3) add a state law indemnity claim against the municipal defendant. Plaintiff's proposed Second Amended Complaint is attached hereto as Exhibit A.

6.      This is Plaintiff's *first* request for leave to amend his claims after Defendants filed their dismissal motion.

---

[1] S*ee Carroccia v. Anderson*, 249 F.Supp.2d 1016, 1048 (N.D.Ill. 2003) (IIED claim accrues on the date when state criminal proceedings are terminated); *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99 (2004)(malicious prosecution accrues on the date when state criminal proceedings are terminated)

2

7. Pursuant to Federal Rule of Civil Procedure 15, a Court may grant plaintiffs leave to amend their pleadings and such leave shall be freely given where justice requires. Fed. R. Civ. P. 15(a); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm 'n,* 377 F.3d 682 (7th Cir. 2004). The goal of the federal rules is to resolve disputes on their merits and thus leave to amend should be allowed absent undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment. *Id.*

8. Here, Plaintiff's proposed Second Amended Complaint will expedite these proceedings by obviating the need to engage in protracted pleading motion practice. Moreover, and, given that his Amended Complaint was recently filed, all claims emanate out of the same or substantially same set of facts, and in light of the revised discovery schedule set by the Court, Plaintiff's proposed amended pleading will cause virtually no delay to these proceedings. As a result, Defendants will not be prejudiced in any way by this Court granting Plaintiff leave to file a Second Amended Complaint. Additionally, as set forth above, there is no undue delay, bad faith or dilatory motive on the part of Plaintiff nor repeated failure to cure deficiencies by amendments previously allowed nor undue prejudice to Defendants by virtue of allowance of the amendment to warrant denial of Plaintiff's request to amend his pleading.

9. Accordingly, and for all of these reasons, Plaintiff respectfully requests that the Court grant this motion. Alternatively, in the event the Court is inclined to consider the *Motion* before considering whether to allow Plaintiff leave to amend his complaint, Plaintiff respectfully requests leave to file his response to Defendants' dismissal motion within forty-eight (48) hours of the denial of Plaintiff's request for leave to file an amended complaint.

WHEREFORE, Plaintiff, Daniel Poole, respectfully requests that this Court grant this motion for leave to amend his complaint as his response to the *Motion*. Alternatively, in the event the Court is inclined to consider the *Motion* before considering Plaintiff's motion for leave to amend his complaint, Plaintiff respectfully requests leave to file a response to Defendants' motion to dismiss within forty-eight (48) hours of the denial of Plaintiff's request for leave to file an amended complaint.

    Respectfully submitted,

    DANIEL POOLE

    /s/ Jeffrey R. Kulwin

Shelly B. Kulwin
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
312/641.0300

Marvin I. Bloom
LAW OFFICES OF MARVIN BLOOM
53 W. Jackson Blvd., Ste. 1430
Chicago, IL 60604
312/641-1044