UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL POOLE**, by and through his plenary guardian James Simpson | ) ) ) | Case No. 07 C 6355 |
| Plaintiff, | ) ) | **JURY DEMAND** |
| v. | ) ) | Judge Elaine E. Bucklo |
| | ) ) | |
| **CITY OF BURBANK,** a Municipal Corporation, **CITY OF BURBANK POLICE DEPARTMENT OFFICERS KARA KUSH,** Star No. 119, and **GREGORY PEROVICH**, Star No. 134, sued in their individual and official capacities as officers of the Village of Burbank Police Department, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, Daniel Poole, by and through his plenary guardian James Simpson, and by and through his attorneys Shelly B. Kulwin, Anthony J. Masciopinto and Jeffrey R. Kulwin, KULWIN MASCIOPINTO & KULWIN, L.L.P., and Marvin Bloom, the LAW OFFICE OF MARVIN BLOOM, against Defendants, the City of Burbank and City of Burbank Police Officers Kara Kush (Star No. 119) and Gregory Perovich (Star No. 134), and state as follows:

### PARTIES AND JURISDICTION

1. This is an action for violation of Plaintiff's civil rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, and the common law of the State of Illinois.

1

2. The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343; and the Fourth and Fourteenth Amendments of the United States Constitution.

3. Plaintiff, Daniel Poole ("Daniel") resides in the City of Chicago, County of Cook, State of Illinois. James Simpson is Daniel's plenary guardian.

4. Defendants, City of Burbank Police Department Officers, Kara Kush (Star No. 119) and Gregory Perovich (Star No. 134), (collectively, "Officers"), are duly appointed and sworn officers of the City of Burbank's Police Department, and the City of Burbank ("City") is a municipal corporation duly incorporated in the State of Illinois.

5. At all times relevant to this Complaint, the Officers, when engaged in the conduct complained of, did so in the course and scope of their employment as employees and agents of the City. The Officers are being sued in their individual capacities and as agents, servants and/or employees of the City.

6. On or about January 19, 2006, at approximately 5:30 p.m., Daniel was alone, driving to his job at the Burlington Coat Factory, located at 8320 S. Cicero, Burbank, Illinois.

7. At or near that same time, Officer Kara Kush, Star No. 119 ("Kush"), was in her Burbank Police Department patrol car and observed Daniel driving down Cicero Avenue toward the Burlington Coat Factory.

8. At or near that same time, Kush turned on her flashing lights and proceeded to follow Daniel as he drove toward his job at the Burlington Coat Factory.

9. Upon seeing the flashing lights, Daniel pulled into the Burlington Coat Factory parking fire lane directly by the store's front entrance and remained in his car.

10. At or near that time, Kush sent out a radio call for police back-up.

11. At or near that time, Kush exited her vehicle and approached Daniel sitting in his car. Upon arriving at Daniel's car door, Kush advised that she had pulled him over for allegedly failing to wear a seat belt. Kush then asked for Daniel's driver's license and insurance card, which he immediately gave to her.

12. Upon receiving Daniel's driver's license and insurance card, Kush returned to her patrol car to "run" his information through the City Police Department's computer for outstanding warrants and/or prior arrests. The computer check revealed no outstanding warrants nor prior arrests nor any other information to indicate that Daniel posed any safety risk to Kush.

13. While Kush was in her patrol car checking the computer, Officer Gregory Perovich, Star No. 134 ("Perovich"), arrived at the scene. At the time, Perovich was traveling with a large German Shepard police dog whom he referred to as "Officer Kazan".

14. At or near that time, Daniel began to exit his vehicle to ask the Officers if he could move his car out of the parking lot's fire lane. Perovich told him to "get his ass back in the car," which Daniel did.

15. Immediately thereafter, Perovich told Kush he was going to check out the driver. Perovich then approached Daniel and said, "Now you can get your ass out of the car." Perovich then, without cause or justification, forcefully removed Daniel from the car, pushed him down on the hood of the vehicle and conducted a violent and rough alleged frisking of Daniel for weapons and contraband which turned up nothing.

16. Immediately thereafter, Perovich, without cause or provocation, turned Daniel around so that he was facing Perovich. At that time, Daniel protested about Perovich's unprovoked violent conduct and, in response, Perovich struck Daniel and proceeded to violently choke him around the neck, cutting off his ability to breath, forcing Daniel to strike Perovich in self-defense to release his choke hold.

17. Immediately thereafter, Kush repeatedly without cause or justification sprayed Daniel with pepper spray. Kush and Perovich then forced Daniel to the ground while Perovich continued to strike Daniel around the body and face.

18. Immediately thereafter, Perovich and Kush dragged Daniel, incapacitated by the pepper spray, across the pavement of the Burlington Coat Factory parking lot to Perovich's patrol car. Perovich then let the German Shepard police dog, which he referred to as "Officer Kazan," out of the patrol car and directed the dog to attack Daniel. The dog repeatedly attacked and bit Daniel while under Perovich's direct control and pursuant to Perovich's direct commands.

19. At all times material to this Complaint, the Officers were acting under the color of state laws and/or regulations.

20. At all times material to this Complaint, Daniel posed no threat to the safety of the Officers nor resisted arrest.

21. The acts of the Officers, as described above, were done maliciously, willfully and wantonly, intentionally, and/or with reckless disregard and gross negligence towards Plaintiff's clearly established rights under the Fourth Amendment of the Constitution of the United States, 42 U.S.C. § 1983, and the common law of the State of Illinois.

22.     Daniel was subsequently charged with felony aggravated battery and misdemeanor resisting arrest arising out of, and related to, the events alleged herein. Defendants Kush and Perovich testified against Daniel at a criminal trial on those charges.

23.     On September 7, 2007, Daniel was found not guilty and acquitted of all criminal charges pending against him arising out of, and related to, the events alleged herein.

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE CLAIM
## PURSUANT TO 42 U.S.C. §1983

24.     Paragraphs 1 through 23 are herein incorporated by reference and made a part of paragraph 24 as if fully alleged herein.

25.     The Officers, while acting under the color of state law, unlawfully conducted a search and seizure of Plaintiff without an arrest warrant and/or probable cause or any other legally justifiable grounds and thereby violated Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983 to be free from unreasonable searches and seizures.

26.     The City, by inadequately training, supervising, and/or disciplining its officers with respect to the procedures required by the Fourth Amendment pertaining to searches and seizures and demonstrating a formal or informal custom, policy and/or practice of deliberate indifference to the constitutional rights of individuals to be free from unreasonable search and seizures, expressly or impliedly authorized, consented or acquiesced in the violation of Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff Daniel Poole demands judgment against the Officers and City in an amount to be proven at trial for actual and compensatory damages; and because the Officers acted maliciously, willfully, and wantonly or with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT II
## UNLAWFUL USE OF EXCESSIVE FORCE CLAIM
## PURSUANT TO 42 U.S.C. §1983

24. Paragraphs 1 through 23 are incorporated by reference and made a part of paragraph 24 as fully alleged herein.

25. The Officers, while acting under the color of state law, unlawfully used excessive force against Daniel by physically attacking him in the course of his arrest despite the fact that he posed no threat to the safety of the Officers and did not resist arrest. The use of excessive force was malicious, willful and wanton, intentional, and/or done with reckless disregard and gross negligence and therefore violated Daniel's clearly established rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983 to be free from the use of excessive force in arrests.

26. The City, by inadequately training, supervising, and/or disciplining its officers with respect to the degree of force that is reasonably permitted under the Fourth Amendment pertaining to arrests and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of arrestees to be free from unreasonable use of force, expressly or impliedly authorized, consented or acquiesced the violation Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Daniel Poole demands judgement against the Officers and City in an amount to be proven at trial for actual and compensatory damages; and because the Officers acted maliciously, willfully, and wantonly or with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT III
## FALSE IMPRISONMENT CLAIM
## PURSUANT TO 42 U.S.C. §1983

24.     Paragraphs 1 through 23 are incorporated by reference and made a part of paragraph 24 as if fully alleged herein.

25.     The Officers, while acting under the color of state law, unlawfully threatened and restrained Daniel with handcuffs without probable cause and/or an arrest warrant or any other legally justifiable grounds. The Officers' restraint of Daniel was malicious, willful and wanton, intentional, and/or done with reckless disregard and gross negligence and therefore violated Daniel's clearly established rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983 to be free from false arrests.

26.     The City, by inadequately training, supervising, and/or disciplining its officers with respect to the degree of force that is reasonably permitted under the Fourth Amendment pertaining to arrests and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of arrestees to be free from unreasonable use of force, expressly or impliedly authorized, consented or acquiesced the violation Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Daniel Poole demands judgement against the Officers and City in an amount to be proven at trial for actual and compensatory damages; and because the Officers acted maliciously, willfully, and wantonly or with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT IV
## FALSE ARREST CLAIM
## PURSUANT TO 42 U.S.C. §1983

24. Paragraphs 1 through 23 are incorporated by reference and made a part of paragraph 24 as fully alleged herein.

25. The Officers, while acting under the color of state law, unlawfully threatened and restrained Daniel with handcuffs without probable cause and/or an arrest warrant or any other legally justifiable grounds and thereby committed the tort of false arrest and imprisonment in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

26. The City, by inadequately training, supervising, and/or disciplining its officers with respect to the procedures required by the Fourth Amendment pertaining to individuals' rights to be free from unreasonable seizures, absent a warrant or probable cause to arrest and demonstrating a formal or informal custom, policy and practice of deliberate indifference to the constitutional rights of such persons to be free from unreasonable, unwarranted seizures, expressly or impliedly authorized, consented or acquiesced in the violation Plaintiff's rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff Daniel Poole demands judgment against the Officers and City in an amount to be proven at trial for actual and compensatory damages; and because the Officers acted maliciously, willfully, and wantonly or with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT V
## ILLINOIS STATE LAW
## MALICIOUS PROSECUTION CLAIM

24. Paragraphs 1 through 23 are incorporated by reference and made a part of paragraph 24 as if fully alleged herein.

25. The Officers caused, commenced, pursued, continued and/or otherwise cooperated with the criminal proceedings against Daniel for aggravated battery and resisting arrest. As a result, the Officers were the legal causation for the criminal charges brought against Daniel.

26. On September 7, 2007, Daniel was found not guilty and acquitted of all charges after a jury trial at which both Officers testified.

27. As alleged herein, there was no probable cause for the criminal charges and subsequent criminal proceedings brought against Daniel.

28. The Officers acted with actual malice as alleged herein by *inter alia* providing false or misleading evidence and/or hiding or withholding exculpatory evidence in order to cover up, and/or otherwise justify, their unlawful and unconstitutional conduct as alleged herein.

29. Daniel suffered damages as a direct and proximate result of the Officers' conduct including, among other things, attorneys' fees in defending the criminal charges filed and subsequent proceedings brought against him, as well as the embarrassment, humiliation and emotional distress arising out of, and relating to, being falsely arrested, accused of, and tried for, serious criminal charges.

30. The Officers, while acting under the color of state law, brought and pursued criminal charges against Daniel and testified against Daniel at his subsequent criminal trial.

WHEREFORE, the Plaintiff Daniel Poole demands judgment against the Officers in an amount to be proven at trial in actual and compensatory damages; and because the Officers acted maliciously, willfully, and wantonly or with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

### COUNT VI
### ILLINOIS STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

31. Paragraphs 1 through 30 of Count V are incorporated by reference and made a part of paragraph 31 as if fully alleged herein.

32. The conduct of the Officers' conduct while acting under the color of state law, beginning with their initial intentional detention, battery, use of a City police dog to assault and attack Daniel without cause or justification, through their conduct in testifying against Daniel at his subsequent criminal trial, was extreme and outrageous beyond all possible bounds of decency and caused severe emotional distress beyond what any reasonable person could be expected to endure.

33.　The Officers' conduct was such that they knew that severe emotional distress would be certain or substantially certain to occur as a direct and proximate result of their conduct.

WHEREFORE, the Plaintiff Daniel Poole demands judgment against the Officers in an amount to be proven at trial in actual and compensatory damages; and because the Officers acted maliciously, willfully, and wantonly or with gross negligence, an award of punitive damages; plus the cost of this action, reasonable attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT VII
## ILLINOIS STATE LAW
## INDEMNIFICATION CLAIM

34.　Plaintiff incorporates herein paragraphs 1 to 33 of Count VI, as paragraph 1-33 of this Count VII.

35.　The City of Burbank is the employer of individual defendants Kush and Perovich.

36.　Defendants Kush and Perovich committed the acts alleged herein while acting within the scope of their employment for the City of Burbank.

WHEREFORE, should individual defendants Kush and Perovich be found liable for the acts alleged herein, Plaintiff demands that pursuant to 745 ILCS 10/9-102, that the City of Burbank pay any judgment Plaintiff obtains against Kush and/or Perovich as a result of this Complaint.

**JURY TRIAL DEMANDED ON ALL CLAIMS**

                                        Respectfully Submitted

                                        /s/ Jeffrey R. Kulwin

Shelly B. Kulwin
Anthony J. Masciopinto
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
312/641-0300

Marvin I. Bloom
LAW OFFICES OF MARVIN BLOOM
53 W. Jackson Blvd., Ste. 1430
Chicago, IL 60604
312/641-1044